18047. ATLANTIC COAST LINE RAILROAD Co. *v.* SUMMERALL.

STEPHENS, J. 1. Where a passenger upon a railroad train is, without fault on his part, carried beyond the point of destination called for by his ticket, the railroad company can not, without reference to his comfort and convenience, arbitrarily eject him from the train for nonpayment of an additional fare.

2. While a railroad company may owe no duty, under its contract of carriage, to awaken a passenger upon his reaching his point of destination, yet where a passenger on a railroad train signifies to the conductor that he may be asleep upon reaching the station of his destination, and the passenger is informed by the conductor that it is the custom of the railroad company to awaken all passengers upon arrival at this station, and that he will be awakened upon his arrival at the station, the passenger has the right to rely upon the conductor's assurance that this is the custom and that the custom will be complied with, and where the passenger relies upon the statements of the conductor and falls asleep and is carried beyond the station of his destination, he is, when carried beyond the station under such circumstances, not at fault.

3. Where a passenger was ejected from a train at two o'clock a. m. on a cold night in February at a place between stations, where the surroundings were dark, dismal, and forbidding, and where there was no place for his accommodation, and was compelled to walk back two miles in the dark before he could obtain transportation to the station of his destination, and where the ejection was forcibly made and accompanied with rough and profane language by the conductor, the ejection was made without any reference to the passenger's comfort and convenience.

4. If, however, the passenger was carried beyond the point of destination by his own fault, it would be a question of fact for a jury as to whether his ejection by the conductor at the time and place and under the circumstances was improper and unjustifiable. *Samples* v. *Ga. & Fla. Ry. Co.*, 143 *Ga.* 805 (85 S. E. 1002).

5. In a suit against the railroad company by the person ejected, to recover damages alleged to have been sustained by him, in which the foregoing

Carriers, 10 C. J. p. 739, n. 76 New; p. 766, n. 12 New; p. 780, n. 11; p. 790, n. 22; p. 791, n. 29.

facts appeared from the petition, a cause of action was set out, and the general demurrer to the petition was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 14, 1927.

Damages; from Chatham superior court—Judge Meldrim. January 26, 1927.

*Lawrence & Abrahams, F. R. Youngblood,* for plaintiff in error.

*Oliver & Oliver, John Z. Ryan,* contra.